FREDERICK BELDEN, PLAINTIFF IN ERROR, vs. JOHN D. GRAY, DEFENDANT IN ERROR.

1. The statute against usury is salutary in its operation, and it is of paramount importance to guard it against the shifts and devices usually resorted to to evade its operation.

2. Whether or not a contract is usurious, is a question of law, and it is within the province of the Court to determine that question, and to instruct the jury accordingly.

3. The case of Gray vs. Belden, (3 Florida Reps., 110,) considered and approved.

4. This Court will not disturb a verdict merely on the ground that the facts of the case did not call for a certain instruction which was given by the Court,

, and which instruction was correct in principle, and not calculated to mislead the jury.

Writ of Error to Franklin Circuit Court.

This was an action of assumpsit on a promissory note. The defence set up was usury.

The facts, as shown by the record, were these : Gray was security on a forthcoming bond, given by one Tobey, whose slaves were levied on for a debt of $4,000, and replevied. The slaves were not forthcoming on the day of sale ; the bond was returned forfeited, and execution was issued against Gray, whose property was levied on and advertised for sale. On the day of sale, Gray agreed with one T. J. Vickers, the holder of the execution, to give, and did give him a note for $200, payable thirty days after date, upon the consideration that Vickers would stay the execution for that time ; and the object of this stay is stated to be that Gray might have time to go to Mobile and get the slaves mentioned in the forthcoming bond, and have them sold in discharge of the execution which had been levied on his property. The note thus given was endorsed to Belden, the plaintiff in error, who brought suit thereon. Upon this state of facts, the Supreme Court, at January term, 1850, upon a writ of error, duly prosecuted, determined that the contract was usurious, and remanded the cause to the Court below for a new trial.

At the April Term, 1850, of Franklin Circuit Court, a new trial was had, and the following additional evidence was adduced, viz :

" On the day appointed for the sale of Gray's property, Gray applied to Vickers to postpone the sale for thirty days, to enable him, Gray, to seek for and surrender the property of said Tobey, (for the the delivery of which said forthcoming bond was given.) Vickers declined, and said that he wanted to be present at said sale, and that he had

come from Montgomery, Alabama, (where he resided,) on purpose to attend said sale, and that if it was postponed, he would have to return to Montgomery, and come back to St. Josephs, (the place where the property was levied on and to be sold,) at some cost and expense. Gray then offered to give to Vickers, his note for two hundred dollars, as an inducement to postpone said sale. Vickers consented, and postponed the sale, and the note was given. The whole of said judgment was subsequently paid to said Vickers. The conversation here stated between Vickers and Gray, took place in presence of witness, on the day the sale was to take place, and about the same time and just before the Marshal was about to sell the property of said Gray.

"The Court instructed the jury that if the note sued upon was for the postponement of the sale by Vickers, it was usurious, and could not be recovered upon, although there were other accompanying considerations. If bad in part, bad in whole, and in such case, will find for defendant."

The jury returned a verdict for defendant, upon which judgment was rendered.

*W. G. M. Davis* for Plaintiff in Error.

*G. S. Hawkins* for Defendant in Error.

DuPONT, J., delivered the opinion of the Court:

At the January term, A. D., 1850, this case was brought up to the Supreme Court, by writ of eror, sued out by the present appellee, and the judgment of the Circuit Court having been reversed, it was remanded for a new trial. (Vide Gray vs. Belden, 3 Fla. R., 110.)

In obedience to the mandate of the Supreme Court, a new trial was had, at the Spring Term, A. D. 1850, of the Franklin Circuit Court, upon which trial a verdict was

rendered for the defendant below, and a judgment entered accordingly. To reverse that judgment is the object of the present appeal to this Court.

We do not feel ourselves called upon to review the opinion delivered in the case of Gray vs. Belden, concurring as we do in that opinion, so far as it bears upon the issue which was raised by the pleadings ; and in order, therefore, to a decision of the present case, it will only be necessary to consider, *first*, whether the additional evidence offered at the second trial altered in any material respect the former aspect of the case ; and *secondly*, whether the instructions of the Judge, given on the trial below, were in conformity to the law, as announced in that opinion.

The issue upon which the case was decided, both at the first and second trials, was raised by the plea of usury. The evidence adduced at the former trial to sustain the plea, proved that the note sued upon had been given by Gray, the defendant, in consideration that a certain execution at law, which had been levied upon his property, should be stayed for the period of thirty days. The language of the witness, as we find it in the record, is as follows : " On the day of sale, by agreement, Gray gave the note sued on to Vickers, payee and holder of execution, in consideration that Vickers would stay the execution for thirty days, in order to give Gray time to go to Mobile and get the negroes mentioned in forthcoming bond, and have them sold in discharge of the execution against him, founded on the forthcoming bond." The only additional evidence adduced at the second trial, was given by the same witness who testified to this point on the first trial, and was as follows, viz : " Vickers declined," (the offer to take the note,) " and said that he wanted to be present at said sale, and that he had come from Montgomery, Alabama, where he resided, on purpose to attend said sale, and that if it were postponed,

he would have to return to Montgomery, and come back to St. Josephs, the place the property was levied on and to be sold, at some cost and expense. Gray then offered to give Vickers his note for two hundred dollars, as an inducement to postpone said sale. Vickers consented, and postponed the sale, and the note was given."

We are at a loss to perceive how the additional evidence changed or altered the aspect of the case, as it was presented on the first trial. It is true that the counsel for the depellant insisted in his argument that a different consideration for the giving of the note is established by the additional evidence, viz: An *indemnity* or *reimbursement* for the travelling expenses of Vickers to and from Montgomery; and in this connection, he contended with great earnestness against the impolicy of preventing a creditor from extending to his debtor that forbearance which a well disposed and benevolent man might desire to exercise. But we differ from the counsel in the supposition that any new or different consideration was established by the additional evidence; and as to the matter of policy, we deem it to be of paramount importance that a statute so salutary in its operation as is the statute against usury, should be sedulously guarded against the ingenious shifts and devices so often resorted to to evade its operation. The true question involved in the issue is this: What was the consideration which moved Gray to the giving of the note? Evidently it was the postponement of the sale of his property, or, in the words of the statute, the " forbearance, or giving day of payment," by the creditor to the debtor. We are, then, clearly of opinion that the present aspect of the case is identical with that presented at the first trial, and that it has not been relieved, by the additional evidence offered at the second trial, from the operation of the statute.

The other question which remains to be considered, is as

to the propriety of the instructions given to the jury on the second trial. There was some difference of opinion between the counsel as to what was the instruction given by the Court, it being apparent that there was a clerical omission in the record; but giving it the reading contended for by the counsel for the appellant, (which we are inclined to think is the correct version,) it was in the following words, to-wit: "If the consideration of the note sued upon was the postponement of the sale by Vickers, it was usurious, and the note could not be recovered upon, although there were other accompanying considerations. If bad in part, bad in whole, and in such case the jury will find for' defendant." The first clause of this instruction, we think, is in strict conformity to the opinion delivered at the for- mer hearing of the case, and is otherwise correct in prin- ciple. It did not interfere with the legitimate province of the jury to inquire into the consideration of the note; and that being ascertained to be the postponement of the col- lection of the debt, it was the right and duty of the Court to announce the law. Whether a contract be usurious, is a question of law, and in this clause of the instruction, the Court did no more than to declare the law, as applicable to the facts of the case.

Nor do we think that the second clause of the instruc- tion, which declares that " a consideration bad in part is bad in whole," is obnoxious to any valid objection. Al- though the facts of the case might not, perhaps, have call- ed for the giving of the instruction, yet, being correct in principle, *when applied to a case of this kind*, and not perceiving how the appellant could be injured thereby, we are not disposed to lay any stress-upon it.

Let the judgment be affirmed, with costs.